IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENNEDY GITHAIGA WANYOIKE, | § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:14-cv-2042-L-BN |
| UNITED STATES OF AMERICA, | § § | |
| Respondent. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Kennedy Githaiga Wanyoike, an inmate in federal custody, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2255. For the reasons explained below, the application should be dismissed without prejudice for failure to prosecute and obey orders of this Court pursuant to Federal Rule of Civil Procedure 41(b).

**Background**

On June 5, 2014, the Court accepted the undersigned Magistrate Judge's recommendation, to which no objection was filed, that Petitioner's request for reconsideration of an order of this Court denying his motion for appointment of counsel and motion to extend the time to file an appeal, *see United States v. Wanyoike*, No. 3:12-cr-185-L, at Dkt. No. 48 (N.D. Tex. 2013), be recharacterized, pursuant to *Castro v. United States*, 540 U.S. 375 (2000), as a motion under 28 U.S.C. § 2255. *See* Dkt. No. 3. The Court advised Petitioner that any Section 2255 motion that he files in the future will be subject to the restrictions imposed on second or successive motions, *see id.*

(citing 28 U.S.C. § 2244(b)(3)(A); *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000)), and then directed the Clerk to open this civil action, *see id.*

On June 17, 2014, the undersigned entered an order [Dkt. No. 4], again providing the *Castro* warning: "[p]ursuant to *Castro*, [Petitioner] is advised that any Section 2255 motion that he files in the future will be subject to the restrictions imposed on second or successive motions," *id.* at 2 (citations omitted), giving Petitioner an opportunity to withdraw his motion or amend the recharacterized motion so that it contains all of the grounds for relief that he believes he has available under Section 2255 and ordering Petitioner to either withdraw his motion or file an amended motion no later than July 17, 2014. *See id.* at 2-3.

Petitioner filed a motion [Dkt. No. 5], seeking an additional 30 days to comply, which the Court granted, *see* Dkt. No. 6, extending the deadline to withdraw or amend to September 19, 2014. That deadline passed more than one month ago without Petitioner doing either.

**Legal Standards and Analysis**

Federal Rule of Civil Procedure 41(b) allows a court to dismiss an action *sua sponte*, "with or without notice to the parties," *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), for failure to prosecute or for failure to comply with the federal rules or any court order. This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Id.* (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Brown v. United States*, Nos. A–11–CA–155 LY, (A–04–CR–268 LY), 2011 WL 1899790, at *1 (W.D. Tex. May

19, 2011) ("It is ... well established that '[a] district court *sua sponte* may dismiss an action for failure to prosecute or to comply with any court order.'" (quoting *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998)).

Rule 41(b), like all rules in the Federal Rules of Civil Procedure, generally applies to Section 2255 proceedings. *See* RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS, Rule 12; *see, e.g.*, *Avila-Sifuentes v. United States*, No. 3-07-cv-1896-N, 2008 WL 2462158 (N.D. Tex. June 12, 2008); *Portillo v. Bragg*, No. EP-08-CA-171-DB., 2008 WL 2884039, at *1 (W.D. Tex. July 24, 2008); *Brown*, 2011 WL 1899790 (dismissing motions the courts recharacterized as Section 2255 motions, after issuance of *Castro* warnings, without prejudice for failure for want of prosecution pursuant to Rule 41(b)).

By neither withdrawing the motion that the Court recharacterized as a Section 2255 motion nor filing an amended motion by the extended deadline of September 19, 2014, Petitioner has failed to prosecute this action and obey orders of this Court. The Court should therefore exercise its inherent power to prevent undue delays in the disposition of pending cases and *sua sponte* dismiss this action without prejudice.

### Recommendation

Petitioner's action should be dismissed *sua sponte* without prejudice pursuant to Federal Rule of Civil Procedure 41(b). But, if, within 14 days of the date of this recommendation, Petitioner fully complies with the Court's orders to withdraw his motion or amend the recharacterized motion so that it contains all of the grounds for

relief that he believes he has available under Section 2255, the Court should refer the case back to the undersigned magistrate judge for further review.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 21, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE